UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                    Bky. No. 07-30643

    Jason J. Scott and Clichelle C. Scott,

    Debtors.

                                                          Adv. No. 07-03110

John O. Murrin and DeVonna K. Murrin,

    Plaintiffs,                              **NOTICE OF HEARING**
v.                                                **AND MOTION FOR SANCTIONS**

Clichelle C. Scott and Jason J. Scott,

    Defendants.

To:    Plaintiffs John O. Murrin and Devonna K. Murrin, and their attorney, John O. Murrin

Defendants Clichelle C. Scott and Jason Scott ("Defendants"), by and through their undersigned attorney, hereby move the Court for the relief requested below and gives notice of hearing herewith.

1.    The Court will hold a hearing on this Motion on May 13, 2009 at 11:30 a.m. in Courtroom 2A, United States Courthouse, 316 North Robert Street, St. Paul, Minnesota before the Honorable Gregory F. Kishel, United States Bankruptcy Court Judge.

2.    Any response to this Motion must be filed and delivered not later than May 8, 2009, which is three business days before the time set for the hearing, or filed and served by mail no later than May 4, 2009, which is seven business days before the time set for hearing.  UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sec. 157 and Sec. 1334. This is a core proceeding. The adversary proceeding was commenced on or about June 14, 2007. This case is now pending before this Court.

4. This Motion under Rule 9011 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. Sec. 105. This Motion is filed under Local Rules 7007-1, 9013-1, 9013-2, 9006-1 and 9017-1.

5. Defendants hereby seek an Order of this Court awarding, as a sanction on Plaintiffs, Defendants' reasonable attorneys fees.

6. The reasons for the sanctions include, but are not limited to, the frivolousness of the Plaintiffs' cause of action, the cause of action was brought for an improper purpose, Plaintiffs disregard of the Court's instructions, and the case resulted in a waste of judicial and party resources.

7. If necessary, Defendant Clichelle Scott may testify at the hearing on this Motion.

WHEREFORE, Defendants move the Court for an Order awarding Defendants their attorneys fees as a sanction against Plaintiffs in this proceeding, plus such other and further relief that the Court deems just and equitable.

Dated:  April 20, 2009

s/William G. Selman III
William G. Selman III   (#195716)
250 Second Ave. S., Suite 205
Minneapolis, MN  55401
Telephone: (612) 333-6000
Attorney for Defendants

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                                      Bky. No. 07-30643

    Jason J. Scott and Clichelle C. Scott,

        Debtors.

                                                                                                                      Adv. No. 07-03110

John O. Murrin and DeVonna K. Murrin,

        Plaintiffs,                 **MEMORANDUM IN SUPPORT**
v.                                         **OF MOTION FOR SANCTIONS**

Clichelle C. Scott and Jason J. Scott,

        Defendants.

        Defendants Clichelle C. Scott and Jason Scott ("Defendants"), by and through their undersigned attorney, hereby submit this Memorandum in Support of Motion for Sanctions in conjunction with their Motion for Sanctions served and filed concurrently herewith. Defendants contend that the actions of Plaintiffs John O. Murrin and DeVonna K. Murrin ("Plaintiffs"), and the actions of Plaintiff John O. Murrin as an attorney for Plaintiffs, justify an award of attorneys' fees to Defendants in this case.

<u>FACTUAL SUMMARY</u>

        Defendants sought bankruptcy court protection by filing a voluntary Chapter 7 bankruptcy petition on February 27, 2007. In their schedules, Defendants listed Plaintiffs as contingent unsecured creditors pursuant to a then pending Hennepin County District Court lawsuit, wherein Plaintiffs sought a $900,000.00 judgment against Defendant

3

Clichelle Scott and approximately forty other individuals or entities. Upon information and belief, the Hennepin County District Court action has been dismissed.

In Defendants' bankruptcy proceeding, Plaintiff sought, and was granted, leave to conduct an examination of Defendants under Rule 2004 of the Federal Rules of Bankruptcy Procedure. On or about May 10, 2007, Plaintiff John O. Murrin spent several hours questioning both Defendants about their knowledge of circumstances surrounding the events at the heart of Plaintiffs' state court action and Defendants' connections with the other defendants in that case. Defendants allowed Plaintiff John O. Murrin to ask most any question he wanted.

On June 4, 2007, Plaintiffs commenced this adversary proceeding by filing a Complaint Pursuant to 523(a)(2)(A) of US Bankruptcy Code ("Complaint") , wherein Plaintiffs purported to raise allegations justifying the nondischargeability of Plaintiffs' alleged claim against Defendants. Despite the incomprehensibility of the Complaint, Defendant's attempted to respond in an Answer filed July 16, 2007.

When issues were raised at a September 12, 2007 scheduling conference regarding the lack of clarity in the Complaint and the lack of specific allegations of Defendants' supposed misconduct, Plaintiffs offered to amend the Complaint, and, on October 22, 2007, Plaintiffs filed a Motion to Amend together with an Amended Complaint Pursuant to 523(a)(2)(A); 523(a)(4); 523(a)(6) of US Bankruptcy Code for Non-Dischargeability and Liability ("Amended Complaint"). On October 31, 2007, Defendants objected to the Motion to Amend.

In an Order dated November 6, 2007, the Court found that the Amended Complaint did not rectify the insufficiencies of the original document filed and denied

4

Plaintiff's Motion to Amend. However, the Court did so without prejudice to allow Plaintiffs an opportunity to clarify their cause of action against Defendants.

On November 20, 2007, Plaintiffs renewed their Motion to Amend and submitted yet another version of their Amended Complaint Pursuant to 523(a)(2)(A); 523(a)(4); 523(a)(6) of US Bankruptcy Code for Non-Dischargeability and Liability ("Second Amended Complaint"). In a Response filed on or about January 9, 2008, Defendants asked the Court to deny the Motion and requested an award of attorney's fees for having to continually defend against Plaintiffs' actions. Following a January 14, 2008 court hearing wherein the continued inadequacies of Plaintiffs' pleading were discussed at length, the Court granted Plaintiffs' Motion to Amend and denied Defendants' request for attorneys fees without prejudice.

Shortly thereafter, Defendants filed a Motion to Dismiss, arguing for dismissal of the Second Amended Complaint under Rules 9 and 12 of the Federal Rules of Civil Procedure, made applicable to this proceeding by the corresponding Federal Rules of Bankruptcy Procedure. In a short paragraph at the end of Defendants' Motion to Dismiss, Defendants requested sanctions under Rule 9011. At no time did Defendants serve a separate Motion for Sanctions upon Plaintiffs.

In an Order dated April 10, 2009, the Court dismissed Plaintiffs' Second Amended Complaint with prejudice. The Court further denied Defendants' request for attorneys fees due to Defendants' counsel's failure to adequately brief the sanctions issue. However, the denial of Defendants' Motion for Sanctions was without prejudice to allow Defendants to serve and file a renewed motion for imposition of sanctions. The Court

5

ordered that any such renewed motion be filed within 10 days. Accordingly, Defendants have served and filed this Motion.

Defendants seek imposition of sanctions on Plaintiffs on two alternative grounds. First, Defendants request sanctions under Rule 9011 of the Federal Rules of Bankruptcy Procedure. In the alternative, if the Court finds that Defendants' procedural failings foreclose relief under Rule 9011, Defendants seek sanctions pursuant to the bankruptcy court's inherent authority under Section 105 of the Bankruptcy Code.

## DISCUSSION

I.   SANCTIONS UNDER RULE 9011

When a person files a document with the court, the person makes the following representations to the court:

> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b). A violation of those representations could result in sanctions under the Rule. See Fed. R. Bankr. P. 9011(c).

Not too long after Rule 9011 was amended in 1997, Judge Dreher issued a decision which outlined how the amended Rule operates, In re Russ, 218 B.R. 461 (Bankr. Minn. 1998), and the Rule operates the same way today. A relatively recent case out the Bankruptcy Court for the Eastern District of Arkansas cites to numerous cases from around the country to demonstrate how the Rule has been interpreted since its 1997 amendment. In re Robinson, 373 B.R. 612 (Bankr. E.D. Ark. 2007) aff'd by Lewellen v. Wildlife Farms II, 557 F. 3d 593 (8th Cir. 2009). The Robinson case notes that, in general, sanctions may be imposed on two grounds: (1) frivolousness; and (2) improper purpose. Robinson, 373 B.R. at 625.

In this case, the facts show that Plaintiffs violated the Rule in that the cause of action itself was frivolous and it was filed for an improper purpose.

As demonstrated by almost everything that has transpired in this case, Plaintiffs' cause of action was frivolous from the start. While the initial Complaint numbered over 40 pages, the pleading lacked any sort of specificity, and its dissertation of alleged facts was rambling, vague and nearly incomprehensible. When apprised of this by Defendants' counsel and the Court, Plaintiffs agreed to amend their Complaint. The subsequent document was not substantially any better. Plaintiffs were given a third opportunity to provide a "plain and simple" recitation of the facts, but they were again unable, or unwilling, to provide the same.

Throughout the process, at various hearings and conferences, the Court patiently provided Plaintiffs with guidance, in general terms, as to how to correct the pleadings deficiencies. It is apparent that Plaintiffs ignored the Court's assistance and admonitions.

7

Plaintiffs were unable, after three tries, to modify the pleadings to merely set forth a prima facie case against Defendants. This fact, in and of itself, establishes the frivolousness of Plaintiffs' action. If there was even a semblance of a case against Defendants, Plaintiffs had ample opportunity to show something. Plaintiffs even had an opportunity to examine Defendants under oath before bringing this case. There was nothing there.

For the same reasons, the only conclusion can be that Plaintiffs maintained this action for an improper purpose.. Despite having absolutely no basis for this action, Plaintiffs at every turn vindictively pursued Defendants. Plaintiffs pursued Defendant Clichelle Scott merely because she worked for a company somehow related to a company that Plaintiffs claimed defrauded them. Plaintiffs pursued Defendant Jason Scott merely because he was married to Defendant Clichelle Scott. It may very well be that Plaintiffs were defrauded. However, as Plaintiffs very well know, it was not Defendants. Plaintiffs' emotions have clouded their judgment, and Defendants have paid the price. A straightforward Chapter 7 bankruptcy filing has turned into a two year nightmare where Defendants have been, without any justification, accused of nefarious conduct against which they have been forced to defend themselves. Defendants have paid an emotional and financial price because of this case. As the Court notes in its April 10, 2009 Order, this whole thing was "a waste of judicial and party resources." April 10, 2009 Order, p. 26. This is exactly the type of situation for which Rule 9011 was promulgated.

II.     SANCTIONS UNDER SECTION 105

Even though defendants contend the facts in this matter mandate sanctions against Plaintiffs for filing and maintaining this action, Defendants acknowledge that Rule 9011

8

sets forth strict procedural requirements on those seeking an award of sanctions. See Fed. R. Bankr. P. 9011(c)(1)(A). A party seeking sanctions must first serve the motion on the opposing party for a period of at least 21 days to afford the opposing party an opportunity to withdraw or correct the pleading filed. Id. If such withdrawal or correction is mot made within this "safe harbor" time period, the moving party may file the motion with the court. Id.

As previously acknowledged, Defendants did not serve this motion (or any other motion for sanctions) prior to the filing of Defendants' Motion to Dismiss. Moreover, given the 10 day period to renew their motion for sanctions allowed by the Court's April 10, 2009 Order, Defendants were unable to serve the instant motion upon Plaintiffs 21 days before filing. While defendants have previously requested an award of attorneys fees in other responsive pleadings, Defendants have not strictly abided by the "safe harbor" dictates of Rule 9011. Defendants further acknowledge that this procedural deficiency, in and of itself, could warrant denial of Defendants' Motion for Sanctions. See In re Russ, 218 B.R. at 468.

However, Defendants respectfully contend that this procedural failure does not require such denial. Defendants alternatively seek sanctions under the Bankruptcy Court's inherent authority.

The United States Supreme Court has stated that federal courts have the inherent authority to impose sanctions, including attorneys fees, to prevent abuse of process. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991). This inherent authority extends to bankruptcy courts. In re Clark 223 F. 3d 859, 864 (8th Cir. 2000). Section 105 of the Bankruptcy Code grants bankruptcy courts with the broad equitable powers to issue any

9

order "necessary or appropriate to carry out the provisions of [Bankruptcy Code]," 11 U.S.C. Sec. 105(a), including awarding attorneys fees against a party or attorney. Id. 223 F. 3d at 864. The United States Bankruptcy Appellate Panel for the Eighth Circuit has provided an expansive discussion of how the court's inherent authority applies in sanction situations. Scwartz v. Kujawa, 256 B.R. 598, 609 – 13 (BAP 8th Cir. 2000) aff'd in part, rev'd in part 270 F. 3d 578 (8th Cir. 2001). Therefore, even though Defendants have not fulfilled the procedural requirements under Rule 9011, Defendants may be awarded sanctions under Section 105.

The same reasons mentioned above justify sanctions in this section. This action was frivolous, and it was maintained for an improper purpose. Moreover, the Plaintiffs disregard of the Courts numerous admonitions evidenced a lack of respect for the Court supporting the imposition of sanctions. Crofford v. Conseco Finance, 301 B.R. 880, 886 (BAP 8th Cir. 2003)(citing to Ebersold v. DeLaughter (In re DeLaughter), 213 B.R. 839, 841 (BAP 8th Cir. 1997)).

### III.  APPROPRIATE SANCTION

The Courts may look at various factors in deciding upon a proper sanction under Rule 9011 and under the Court's inherent authority. See In re Robinson, 373 B.R. at 631 – 32; Schwartz v. Kujawa, 256 B.R. at 611. Some sanctions should be imposed. Those sanctions could be a monetary award to the Court for the waste of judicial resources. Defendants have requested an award of attorneys fees to Defendants. Defendants have attached an Affidavit of William G. Selman III outlining the various fess incurred for certain activities in this case. Defendants will leave it to the Court's discretion in making any such award.

CONCLUSION

For the reasons set forth above, Defendants request an Order of this Court sanctioning Plaintiffs and awarding them their attorneys fees and costs for having to defend this action.

Dated: April 20, 2009　　　　　　　　　　s/William G. Selman III
　　　　　　　　　　　　　　　　　　　　William G. Selman III   (#195716)
　　　　　　　　　　　　　　　　　　　　250 Second Ave. S., Suite 205
　　　　　　　　　　　　　　　　　　　　Minneapolis, MN  55401
　　　　　　　　　　　　　　　　　　　　Telephone: (612) 333-6000
　　　　　　　　　　　　　　　　　　　　Attorney for Defendants

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

---

In re:                                                                          Bky. No. 07-30643

    Jason J. Scott and Clichelle C. Scott,

        Debtors.

---

                                                            Adv. No. 07-03110

John O. Murrin and DeVonna K. Murrin,

        Plaintiffs,
v.                                                                                  **AFFIDAVIT OF**
                                                             **WILLIAM G. SELMAN III**
Clichelle C. Scott and Jason J. Scott,

        Defendants.

---

       William G. Selman III, being first duly sworn upon oath, state and alleges as follows:

1.     I am an attorney licensed to practice law in the State of Minnesota and before this Court.

2.     I am the attorney for Clichelle C. Scott and Jason J. Scott ("Defendants") in the above-captioned adversary proceeding.

3.     In my capacity as the attorney for Defendants in this adversary proceeding, I have defended Defendants against various actions taken by Plaintiffs John O. Murrin amd DeVonna K. Murrin ("Plaintiffs").

4.     With respect to the first Motion to Amend, I spent a total of 10.4 hours of my time related to that motion. My hourly rate at the time was $200.00 per hour. Accordingly, the reasonable value of my time in providing legal services on that motion was $2,080.00.

5.      With respect to the second Motion to Amend, I spent a total of 11.6 hours of my time. My hourly rate at the time was $200.00 per hour. Accordingly, the reasonable value of my time in providing legal services on that motion is $2,320.00.

With respect to Defendants' Motion to Dismiss, I spent a total of 17.2 hours of my time. My hourly rate at the time was $200.00 per hour. Accordingly, the reasonable value of my time in providing legal services on that motion was $3,440.00.

FURTHER YOUR AFFIANT SAYETH NOT.


:                                                          s/William G. Selman III
                                                           William G. Selman III

Subscribed and sworn to before me
this 20$^h$ day of April, 2009.


s/Lizzette Cordero
Notary Public

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:     Bky. No. 07-30643

    Jason J. Scott and Clichelle C. Scott,

    Debtors.

Adv. No. 07-03110

John O. Murrin and DeVonna K. Murrin,

    Plaintiffs,

v.     **ORDER**

Clichelle C. Scott and Jason J. Scott,

    Defendants.

    This matter came on before the undersigned United States Bankruptcy Court Judge on May 13, 2009 upon the Motion of Defendants Clichelle C. Scott and Jason J. Scott for sanctions in the above-referenced matter. John O. Murrin appeared on behalf of Plaintiffs John O. Murrin and Devonna K. Murrin, and William G. Selman III appeared on behalf of Defendants.

    Based upon the files, records and proceedings herein:

IT IS HEREBY ORDERED that

1.     Given the frivolous nature of this action, the improper purpose for which the action was commenced and maintained and the waste of judicial and party resources, sanctions against Plaintiffs are appropriate in this case .

2.     As a sanction, Defendants are hereby awarded the sum of $_____ for attorneys fees accrued.

Dated:

Gregory F. Kishel
Chief U. S. Bankruptcy Court Judge

         Document      Page 16 of 17

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:                                                                Bky. No. 07-30643

    Jason J. Scott and Clichelle C. Scott,

        Debtors.

                                                  Adv. No. 07-03110

John O. Murrin and DeVonna K. Murrin,

        Plaintiffs,
v.                                      **CERTIFICATE OF SERVICE**

Clichelle C. Scott and Jason J. Scott,

        Defendants.

    I hereby certify that on April 20, 2009, I caused the following documents:

        Notice of Hearing and Motion for Sanctions;
        Memorandum in Support of Motion for Sanctions
        Affidavit of William G. Selman III; and
        Proposed Order

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

        All such persons on the Clerk's e-notice list of this case.

    I further certify that I caused a copy of the foregoing document(s) and the notice of electronic filing to be mailed by first class mail, postage prepaid, to the following:

        Chris LaNave
        2682 270th St.
        Madison, MN  56256

16

Dated: 4/20/08				/e/ William G. Selman III						
						William G. Selman III    (#195716)
						250 Second Ave. S., Suite 205
						Minneapolis, MN  55401
						Telephone: (612) 333-6000